## Case No. 9,788.

MORANCY et al. v. QUARLES et al.

[1 McLean, 194.] [1]

Circuit Court, D. Kentucky. Nov. Term, 1833.

WILLS—DEVISE OF LAND — CHARGE — STATUTE OF FRAUDS—COMPROMISE UNDER SEAL—PAROL AGREEMENT FOR COSTS.

1. A devise of land to an individual, and in consequence of the great value of the land thus devised, the devisee was required to pay specific legacies. constitutes a charge on the land, though sold and conveyed to a stranger.

[Cited in Clyde v. Simpson. 4 Ohio St. 461; Nellons v. Truax, 6 Ohio St. 102.]

2. An agreement under seal which compromises a suit. does not prevent either party from setting up and proving a parol undertaking, that one of the parties should pay the costs that had accrued.

[Cited in Winn v. Chamberlin, 32 Vt. 321.]

3. Such an agreement does not contradict or vary the written agreement; but is distinct and independent of it.

In equity.

Mr. Wickliffe, for complainants.
Mr. Haggin, for defendants.

OPINION OF THE COURT. The complainants [E. Morancy and others] have filed their bill against Quarles, and his sureties, as executor of Tunstall Quarles, and against Buford as purchaser and in possession of, certain lands, on which the complainants claim to hold a specific lien for certain legacies of five hundred dollars each, to the complainants, devised to them by Tunstall Quarles.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

The clause in the will under which the lien is attempted to be enforced is: "I devise to my son James Quarles, and his heirs forever, the tract of land I reside on, and also that part of Mrs. Walker's alias Mrs. Stephenson's dower, I purchased of Joseph G. Walker, which will more fully appear by reference to his bond. The said James Quarles takes this with the incumbrances devised to his mother, in the previous part of this will, and pays in consequence of the great value of the lands devised, at lawful age, or intermarries, twelve months thereafter, five hundred dollars each; I mean the children of Archibald Kirkhead, &c." This tract of land was afterwards conveyed by the devisee to Buford the defendant; and the question is whether the land in his hands is chargeable with the payment of the devises to the children of Kirkhead. And we can entertain no doubt that the devise of the land does constitute a specific lien for the bequests to Kirkhead's children. Such was undoubtedly the intention of the testator. He gives the land to James Quarles, subject to the incumbrances devised to his mother, and to pay the several devises of five hundred dollars. And the reason why this payment is to be made, is stated to be, the great value of the land devised.

Now it would not only be unjust, but in violation of the intention of the testator to permit the devisee to take this land, free from the lien of the specific devises, and by a conveyance of it, as in this case defeat them. The will was notice to the purchaser and he was bound to examine it and ascertain the extent of the right devised. We are therefore clear that the land in the hands of the defendant Buford, is bound for the payment of the specific devises; and unless the payment shall be made at a time to be·fixed the court will order a sale of so much of the land, as shall amount to these devises.

At this stage of the proceedings, and before the final decree was pronounced, the defendant Buford asked leave to file a ·plea, on the ground, supported by affidavit, that he had fully satisfied and paid the demand of the complainants. And on leave being given he filed the following plea. "This defendant by protestation, &c., that on the 17th July, 1832, in the district aforesaid, the complainants by a certain Morancy, the attorney ·of the complainants, under their hands and seals for the consideration of sixteen hundred dollars to him paid, did release and ·acquit and among other things, did covenant to release and acquit this defendant from the demands in the bill of the complainants mentioned. Whereupon the defendant prays, ·&c." In the agreement exhibited there was ·no provision as to the payment of the costs, which had accrued in the suit. And the complainant obtained leave to amend his bill; and in which he alleged that at the time the compromise was made and ·the release executed, stated in the plea of the defendant, it was distinctly

understood and agreed between the defendant Buford and the agent, that the former should pay whatever costs had accrued. To this amended bill there was an answer which relied principally on the ground that the parol agreement set up in the amended bill is contradictory to the agreement under seal, and cannot be received.

The principle is well settled, that a parol agreement cannot be received to vary or contradict a written contract. But the parol agreement alleged is in no respect contradictory to the written contract. It sets up a parol contract beyond the writing. So far as the written agreement goes it is conclusive, and not being of doubtful construction, no parol evidence can be heard to contradict or vary it. But this writing does not cover the whole ground. There is nothing said in it, as to the costs which had accrued, and the parol agreement is limited to the payment of these costs. There is then. no legal objection to the verbal agreement; as it must be considered separate and distinct from the contract under seal. And the court are satisfied from the proof in the case that it was the understanding of the parties to the compromise, that Buford should pay any costs, that had accrued in the case. But, it seems not to have been known, to the agent of the complainants, that suit had been commenced, or that any costs had certainly been incurred. The agreement was, therefore, conditional, to pay costs, if any costs had accrued. The court, therefore, enter the following decree.

It appearing to the satisfaction of the court, that defendant Buford has purchased the right of complainants to recover in the suit, and that the defendant, William Buford, as a part of the consideration of said purchase and compromise, agreed to pay the complainants the fee promised in the cause to counsel, and to pay the costs of the suit; and it appearing to the court that the fee agreed to be paid to counsel by the complainant is one hundred dollars, which the court deem reasonable. It is therefore decreed and ordered, that this suit, as to all the defendants except Buford, be dismissed without costs, and that it be dismissed as to him so far as the bill claims payment of legacies. And the court decree and order that Buford pay to the complainants one hundred dollars, and also the costs of this suit.